## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PMA CAPITAL INSURANCE COMPANY, as successor-in-interest to CALIBER ONE INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SAFETY INDEMNITY COMPANY,<br><br>Defendants. | Case No. 2:08-cv-02258 JAM DAD<br><br>**ORDER GRANTING DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF PMA CAPITAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

**[PROPOSED] ORDER RE MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff PMA sued defendant ASIC for equitable contribution, attempting to recover over $1 million on the grounds that as a coinsurer, ASIC had a concurrent duty to defend a mutual insured. The lawsuit, which is before the Court on diversity jurisdiction, arises from a resolved construction defect case involving a mutual insured, J.W. McClenahan Company. From 1996 to 1998, McClenahan performed plumbing work as a subcontractor on the Embassy Suites project up in Lake Tahoe. Sunterra, who was the owner of the project, filed a lawsuit in bankruptcy court in Maryland. That got transferred out to the bankruptcy court here in the Eastern District of California as an adversary proceeding. Perini then named McClenahan, along with other subcontractors, as a cross-defendant. PMA has submitted evidence that they incurred $359,378 in defense fees and costs and contributed $1 million toward the settlement. ASIC declined coverage, stating no coverage existed because the "occurrence" did not happen during the policy period.

Interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation. A court should focus on the particular language of the policy involved in order to determine the meaning of a word in the policy. Harbor Ins. Co. vs. Central National Ins. Co., 165 Cal.App.3d 1029 (1985).

To seek equitable contribution from a coinsurer, the party claiming coverage, in this case PMA, "must prove the existence of a potential for coverage" under the policy terms. Montrose Chem. Corp. v. Sup.Ct., 6 Cal.4th 287 (1993). Thus, claims that are potentially covered raise the nonparticipating coinsurer's duty to defend. Safeco Insurance Company v. Sup. Ct., 140 Cal.App.4th at 874 (2006). In determining whether the coinsurer owes a duty to defend, courts compare the allegations of the complaint and extrinsic evidence with the terms of the policy. Maryland Casualty Company vs. National American Insurance Company of California, 48 Cal.App.4th 1822 (1996).

Once a party claiming coverage shows a potential for coverage under the coinsurer's policy, the coinsurer must conclusively prove with undisputed evidence that no coverage existed under the policy. Merely raising a triable issue of material fact will not defeat summary judgment in this instance. "Any doubt as to whether the insurer has a duty to defend

is resolved in the insured's favor." Horace Mann Ins. Co. vs. Barbara B., 4 Cal.4th 1076 (1993).

"When a duty to defend is shown, the nonparticipating insurer is presumptively liable for cost of defense costs and settlement." Safeco, supra. By declining coverage, the coinsurer waives the right to challenge the reasonableness of defense costs and settlement. That is also set forth in Safeco.

In this case, the parties disagree over the meaning of the term "occurrence" in the insured's contract with ASIC. Coverage under the policies is triggered by an occurrence causing property damage during the policy periods. The ASIC insuring agreement provides, among other things, that the insurer "will pay those sums that the insured becomes legally obligated to pay as damages because of" in this case "property damage to which this insurance applies." However, and the policy goes on to say, "we will have no duty to defend the insured against any suit seeking damages for bodily injury or property damage to which this insurance does not apply." "This insurance applies to property damage only if the property damage is caused by an occurrence" and "the property damage occurs during the policy period."

There's an Amended Definition Endorsement of Occurrence or Duty to Defend in this policy and in all the policies that are at issue here. It says, "Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions that happens during the term of this insurance."

The insurance policy goes on to state: "This insurance does not apply to any occurrence, incident, or suit, whether known or unknown, to any officer of the named insured, which first occurred prior to the inception date of the policy or which is, or is alleged to be, in the process of occurring as of the inception date of this policy, even if the occurrence continues during this policy period."

PMA has argued that "occurrence" means any cause of the damage that is unexpected or unintended. That's in their motion for summary judgment at page 11. From this definition, PMA claims that ASIC has a duty to defend because multiple factors could have led to the damages, including a hotel guest leaving a window open, turning on the shower, a rainstorm,

2
**[PROPOSED] ORDER RE MOTIONS FOR SUMMARY JUDGMENT**

or the faulty work of a repairman.  Thus, a possibility exists that one of these occurrences happened during the policy period and caused the property damage.  After showing a potential for coverage, PMA argues that ASIC has failed to prove that the policy did not cover these potential occurrences.  Therefore, ASIC had a duty to defend.

ASIC has argued that the occurrence and property damage both must happen during the policy period.  Opposition, at page 12.  ASIC argues that the only possible occurrence in the underlying lawsuit was McClenahan's defective work, which was completed well before any ASIC policies were effective.  Thus, because PMA failed to prove that both the occurrence and the property damage occurred during the policy period, ASIC asserts it does not and did not have a duty to defend.

The policies clearly and unambiguously explain the definition of occurrence: "An accident, including continuous or repeated exposure to substantially the same general harmful conditions that happens during the term of this insurance."  PMA construes "occurrence" to include any cause of the damage that is unexpected.  ASIC construes "occurrence" to include only the insured's negligent work that causes the property damage.

In this case the Court agrees with ASIC and construes "occurrence" to be the insured's negligent work.  In third-party liability insurance contracts, such as this one, the insurer agrees to pay judgments that the insured becomes legally obligated to pay as damages because of property damage caused by the insured.  Garvey vs. State Farm Fire & Casualty, 48 Cal.3d 395, at 407 (1989).  Here, although ASIC's policy does not explicitly state "caused by the insured," this is the only rational interpretation since the policy insures against McClenahan's potential personal liability.  Further, although not explicitly stated, numerous cases imply that the "occurrence" refers to an accident caused by the insured's negligent work.  That would include Collin vs. American Empire Ins. Co., 21 Cal.App.4th 787 (1994); Clarendon America Ins. Co. vs. Mt. Hawley Ins. Co., 588 F.Supp.2d 1101 (C.D. Ca 2008).  PMA's construction of "occurrence" as any cause of the damage is too broad and not supported by case law.  Thus, "occurrence" under this policy refers to the insured's negligent work.

The policies explain that both the property damage and occurrence happen during the

policy period.  Since the occurrence causes the property damage, these are two distinct events. Montrose Chemical Corp. vs. Admiral Ins. Co., 10 Cal.4th 645 (1995).  In this case PMA must establish that both the property damage and occurrence happened during the policy periods. The underlying lawsuit was filed in 2002.  Thus, the property damage was likely discovered during the first ASIC policy period.

However, PMA fails and has failed to establish that the occurrence, the insured's negligent work, happened during the policy periods.  In this case McClenahan finished work on the project in 1998, almost three years before the effective date of ASIC's first policy. Further, the underlying lawsuit does not in any way refer to any construction defects relating to McClenahan's plumbing work.  Rather, the underlying complaint states that the damages were caused by the significant defects in the materials utilized and Perini's workmanship on the project.  Without any negligent work by the insured during the policy periods, PMA has not met its burden of demonstrating potential for coverage under the ASIC's policies.  As such, plaintiff PMA has not proven the existence of a potential for coverage under the policy terms and, thus, is not entitled to equitable contribution from ASIC.

For all these reasons, the Court finds that the occurrence refers to the insured's negligent work.  And because McClenahan completed its work before any of the policies took effect, the occurrence did not happen during the policy period.  Accordingly, PMA is not entitled to equitable contribution from ASIC.

As such, the Court hereby orders that plaintiff PMA's motion for summary judgment is denied and defendant ASIC's motion for summary judgment is granted.


IT IS SO ORDERED.


DATED:  03/16/2010                     /s/ John A. Mendez
                                       JOHN A. MENDEZ
                                       United States District Judge